CONCURRING OPINION BY JUDGE McCullough . I concur in the result reached by the Majority. However, I write separately to address the Majority’s discussion of this Court’s holding in Valenta v. Workers’ Compensation Appeal Board (Abington Manor Nursing Home and Rehab and Liberty Insurance Co.), 176 A.3d 374, 2017 WL 6043509 (Pa. Cmwlth. 2017) and the burden in these cases. Contrary to'the'Majority, we did not hold in Valenta that “if a claimant offers evidence about her experience in pursuing the jobs identified in a labor market survey, the* evidence can' be considered against her in the overall evaluation of the availability of the jobs.” 176 A.3d at 384-85, Rather, we merely held-that, under Phoenixville Hospital v. Workers’ Compensation-Appeal Board (Shoap), 623 Pa. 25, 81 A.3d 830 (2013), a claimant must be permitted the opportunity to present evidence regarding his/her experience in applying for jobs identified by an ¡employer as being open and- available. Further,-in describing the-burden in Valenta¡ we held that “Employer maintains an .ongoing burden to show , that the jobs remained open and available,” and the claimant “can present evidence to the contrary.” 176 A.3d at 386. I am concerned that the present Majority opinion may be construed as shifting the burden to the claimant to establish that any identified jobs are not open and available, an outcome which is not directed by either Valenta or Phoenixville Hospital. President Judge Leavitt joins this opinion.